**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PURATEK LLC,

Plaintiff,

v.

SAGE TECHNOLOGY SERVICES LLC
d/b/a SIMPLY PAYMENTS GROUP,

Defendant.
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Puratek LLC ("Puratek") sues Defendant Sage Technology Services LLC d/b/a Simply Payments Group ("Simply Payments") and alleges:

## NATURE OF THE ACTION

1. This is an action to recover merchant-card processing proceeds that Simply Payments collected, settled, and held for Puratek, but has failed to remit to Puratek.

2. Simply Payments served as Puratek's merchant payment processor for Puratek's e-commerce business. Under the parties' Merchant Services Agreement (the "Agreement"), Simply Payments was required to credit Puratek's designated account for the gross amount of processed transactions, less only authorized fees, chargebacks, and adjustments.

3. Puratek's merchant dashboard and payout records reflect net processing proceeds of $372,608.61. Puratek received one partial wire of $120,558.00 on or about July 28, 2026. That leaves at least $252,050.61 unpaid, subject to a complete accounting.

4. Simply Payments' personnel admitted in writing that Puratek's funds had settled into Simply Payments' "other business bank account" and were subject to a bank "compliance hold." Simply Payments has never documented any such hold, never provided an accounting, and has not responded to Puratek's written demand.

5. Puratek asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, an equitable accounting, and, in the alternative, unjust enrichment.

**JURISDICTION, VENUE, AND PARTIES**

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different States.

7. Puratek is a Nevada limited liability company with its principal address at 7726 W Eldorado Ln, Las Vegas, Nevada 89113. Puratek's sole member is Tony Clampitt. Mr. Clampitt is a natural person who is domiciled in Nevada and is a citizen of Nevada. Puratek is therefore a citizen of Nevada for purposes of 28 U.S.C. § 1332.

8. Simply Payments is a Wyoming limited liability company with its registered address at 30 N Gould St, Ste R, Sheridan, Wyoming 82801 and its principal address at 13575 58th Street North, Suite 335, Clearwater, Florida 33760. Simply Payments is an unincorporated entity whose citizenship is determined by the citizenship of each of its members.

9. On information and belief, each member of Simply Payments is a natural person who is domiciled in Florida and is a citizen of Florida. On information and belief, no member of Simply Payments is a citizen of Nevada. The basis for this belief includes that Simply Payments conducts its operations, maintains its principal address, and manages its business and personnel from Clearwater, Florida, and that Puratek has no access to Simply Payments' internal membership records, which are not public.

10. Simply Payments is therefore, on information and belief, a citizen of Florida. Complete diversity of citizenship exists between Puratek (Nevada) and Simply Payments (Florida).

11. Simply Payments is subject to personal jurisdiction in Florida because it maintains its principal place of business in Clearwater, Florida, and the Agreement is governed by Florida law. Simply Payments has also contractually agreed to submit to Florida's jurisdiction.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Simply Payments resides in this District and a substantial part

of the events giving rise to the claims occurred in Pinellas County, Florida. The Tampa Division is the proper division because Pinellas County lies within it. M.D. Fla. Local Rule 1.04.

13. Simply Payments' registered agent is Registered Agents Inc., 30 N. Gould St., Ste. R, Sheridan, Wyoming 82801.

## FACTUAL ALLEGATIONS

### A. The Agreement

14. In or about June 2026, Puratek and Simply Payments entered into the Merchant Services Agreement ("Agreement"). A true and correct copy is attached hereto as **Exhibit A**.

15. Under the Agreement, Simply Payments agreed to provide card-processing services for Puratek's online sales, including authorization, clearing, and settlement of funds.

16. Section 3.3 of the Agreement provides that Simply Payments "shall credit" Puratek's designated commercial bank account "for the gross amount of transactions processed, less fees, chargebacks, and adjustments."

17. The Merchant Application attached to the Agreement reflects a rolling reserve of 10%. Section 19.3 of the Agreement requires Simply Payments to return any unused reserve following termination or expiration within 180 calendar days, subject only to legitimate setoff of amounts actually owed.

18. Although Section 18 of the Agreement permits Simply Payments to review, delay, or reserve certain payments for risk or compliance reasons, no part of the Agreement authorizes Simply Payments to retain settled proceeds indefinitely, to withhold all supporting information, or to charge fees exceeding those stated in the Merchant Application.

19. Pursuant to Section 3.2, the Agreement is governed by Florida law.

**B. Puratek's Performance and the Unpaid Proceeds**

20. Puratek performed its obligations under the Agreement by submitting its online sales transactions for processing through Simply Payments.

21. Based on Puratek's merchant dashboard and payout records, total processing volume, net of processing fees, was $372,608.61.

22. On or about July 28, 2026, Puratek received a partial wire of $120,558.00. The wire was sent by an entity identified as Sage Technology Services LLC d/b/a Satori Enterprise Holdings LLC, which Puratek understands to be affiliated with Simply Payments or its ownership. Simply Payments later informed Puratek that the funds originated from a source other than the account to which they had been attributed.

23. Crediting that wire leaves at least $252,050.61 due and unpaid. That figure includes amounts attributable to the rolling reserve, which

Puratek understands is to be released on a rolling basis approximately six months after the corresponding transaction date.

24. Puratek's review of its records also indicates that it was charged processing fees of approximately 10% of volume, rather than the approximately 6% plus interchange (roughly 7.5% in total) reflected in the fee schedule Puratek understood applied to its account.

25. Simply Payments has exclusive possession of the transaction-level records needed to determine precisely the gross sales, fees, chargebacks, adjustments, reserve balances, setoffs, and transfers relating to Puratek's account.

**C. Simply Payments Admits It Holds the Funds and Fails to Pay**

26. Between late July and late August 2026, Puratek repeatedly asked Simply Payments, in writing, when its funds would be paid.

27. On or about August 6, 2026, Puratek informed Simply Payments that it had received the July 28 wire but not a second wire that Simply Payments' representative said had been sent on July 31, 2026. Simply Payments never provided confirmation of that second wire, and Puratek never received it.

28. On August 7, 2026, Simply Payments represented that it was "waiting for a large deposit to clear" and that, once it cleared, it could schedule payouts.

29. On August 13, 2026, Simply Payments' then-Chief Executive Officer, Nicholas Palazzolo, wrote to Puratek: "[Y]ou're correct the funds were settled to our other business bank account. The bank has the funds in a compliance hold, and we are trying to clear that up so it can be wired out."

30. Simply Payments never provided Puratek with any documentation of the claimed compliance hold, including its source, scope, amount, legal basis, or expected duration.

31. Simply Payments repeatedly stated that payouts were imminent, including on August 10 and August 13, 2026, but no further payment was made.

32. On August 18, 2026, Simply Payments stated that it had no update. Puratek sent further written requests on August 17, 25, and 27, 2026, seeking the reason for the delay, a firm payment date, and confirmation whether payment would be made in full. Simply Payments did not provide substantive answers.

33. Simply Payments has never identified any specific chargeback, customer dispute, fraud determination, card-network action, court or regulatory order, or setoff that would justify retaining the unpaid balance.

## D. Demand and Failure to Cure

34. On September 14, 2026, Puratek, through counsel, sent Simply Payments a written notice of dispute and demand by certified mail to its

registered agent and to its Clearwater, Florida business address. A copy of the demand is attached hereto as **Exhibit B**.

35. The demand notified Simply Payments that Puratek calculated the unpaid balance at $252,050.61 and demanded, within ten business days, that Simply Payments (a) release and return the withheld funds; (b) provide a complete written accounting, including the source of the July 28 wire, whether the purported July 31 wire was sent, the status and release schedule of the rolling reserve, and the fee rate applied to each transaction; and (c) produce all documentation concerning the claimed compliance hold.

36. The demand also required Simply Payments to preserve all relevant documents and electronically stored information.

37. The signed certified-mail return receipt for the mailing to Simply Payments' registered agent was received on or before September 24, 2026.

38. Simply Payments did not respond substantively, did not pay any portion of the unpaid balance, and did not provide the requested accounting or documents.

39. Puratek has performed all of its obligations under the Agreement, and all conditions precedent to this action have occurred, been performed, or been excused or waived.

40. Simply Payments' conduct has also caused Puratek additional damage, including reduced inventory purchases, delayed product testing and

packaging, strained partner relationships, and the cost of obtaining a replacement processor on short notice.

## COUNT I – BREACH OF CONTRACT

41. Puratek realleges paragraphs 1 through 40.

42. The Agreement is a valid and enforceable contract between Puratek and Simply Payments.

43. Puratek performed its obligations under the Agreement or was excused from further performance.

44. Simply Payments materially breached the Agreement by failing to credit and remit Puratek's settled transaction proceeds, less only authorized fees, chargebacks, and adjustments; by failing to release amounts not subject to a legitimate contractual deduction; by assessing fees in excess of those stated in the Merchant Application, to the extent proven; and by failing to provide an accounting of Puratek's funds.

45. As a direct and proximate result, Puratek has been damaged in an amount to be proven at trial, but not less than $252,050.61, plus interest.

46. Under the Agreement, the prevailing party in an action to enforce or interpret the Agreement is entitled to recover its reasonable attorneys' fees and costs.

WHEREFORE, Puratek demands judgment against Simply Payments for damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs, and such further relief as the Court deems proper.

**COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

47. Puratek realleges paragraphs 1 through 40.

48. Every contract governed by Florida law contains an implied covenant of good faith and fair dealing. The Agreement vests Simply Payments with discretion over fees, reserves, the timing of settlement, and the review of transactions and payments.

49. Simply Payments exercised or purported to exercise that discretion in bad faith and in a manner that frustrated Puratek's reasonable contractual expectations by, among other things: (a) withholding Puratek's settled proceeds while moving them into another business bank account; (b) repeatedly promising payment and failing to pay; (c) invoking an undocumented "compliance hold" while refusing to substantiate it; (d) refusing to provide the information needed to test any fee, reserve, chargeback, or setoff; and (e) retaining fees above the stated rate, to the extent proven.

50. This conduct deprived Puratek of the principal benefit of the Agreement, which is timely payment of its settled transaction proceeds after permitted deductions.

51. Puratek has been damaged as a direct and proximate result, in an amount to be proven at trial.

WHEREFORE, Puratek demands judgment against Simply Payments for damages, interest, attorneys' fees and costs where authorized, and such further relief as the Court deems proper.

**COUNT III – CONVERSION**

52. Puratek realleges paragraphs 1 through 40.

53. The funds at issue are specific, identifiable merchant-processing proceeds generated by Puratek's sales, processed through Simply Payments' platform, and, by Simply Payments' own admission, settled into a bank account controlled by Simply Payments.

54. Puratek owned, or had an immediate right to possess, those proceeds, except for any discrete amount Simply Payments can prove it was authorized to deduct.

55. Puratek demanded return of the proceeds and an accounting. Simply Payments refused or failed to comply.

56. Simply Payments intentionally exercised dominion and control over the proceeds in a manner inconsistent with Puratek's ownership and

right to possession, including by retaining, transferring, commingling, or withholding them.

57. Simply Payments' obligation to turn over the settled proceeds arises independently of any general promise to pay a debt, because the funds are identifiable money belonging to Puratek that was held by Simply Payments for the purpose of remittance.

58. Puratek has been damaged in an amount to be proven at trial, but not less than $252,050.61.

Simply Payments' conversion of Puratek's funds was intentional and was committed with intentional misconduct or, alternatively, gross negligence, within the meaning of section 768.72(2), Florida Statutes. With actual knowledge that Puratek's processing proceeds had settled and belonged to Puratek, subject only to documented and authorized deductions, Simply Payments moved or held those proceeds in "our other business bank account," as its then-Chief Executive Officer admitted in writing on August 13, 2026. It then repeatedly assured Puratek that payouts were imminent, including on August 7, 10, and 13, 2026, without making any payment. Simply Payments told Puratek that a second wire had been sent on July 31, 2026, but that wire never arrived and Simply Payments never confirmed it. It invoked an undocumented "compliance hold" for weeks without producing any supporting information. It then ignored Puratek's written demand of

September 14, 2026 and its preservation notice. On information and belief, Simply Payments knew or consciously disregarded that its continued dominion over Puratek's funds would deprive Puratek of money it needed to operate, and it persisted anyway for its own financial benefit or that of its affiliates. Puratek is therefore entitled to recover punitive damages on this Count in an amount to be determined at trial.

WHEREFORE, Puratek demands judgment against Simply Payments for the value of the converted funds, interest, costs, and such further relief as the Court deems proper.

**COUNT IV – EQUITABLE ACCOUNTING**

59. Puratek realleges paragraphs 1 through 40.

60. Simply Payments received, held, and controlled funds belonging to Puratek and stands in a relationship with Puratek that involves the collection, settlement, and remittance of Puratek's money.

61. The accounts are complex. They involve numerous card transactions, fee calculations, interchange, rolling-reserve entries, chargebacks, adjustments, setoffs, alleged compliance holds, and transfers among multiple bank accounts and affiliated entities.

62. Simply Payments exclusively or principally controls the records necessary to determine the amount owed, and has refused to provide them despite repeated written requests and a formal demand.

63. Puratek has no adequate remedy at law to determine the full amount due without an accounting.

WHEREFORE, Puratek demands that the Court order Simply Payments to provide a complete sworn accounting of all transactions, proceeds, fees, reserves, chargebacks, adjustments, setoffs, and transfers relating to Puratek's account from the inception of the parties' relationship to the present, including the location and disposition of Puratek's funds; determine the amount due; enter judgment for that amount; and grant such further relief as the Court deems proper.

**COUNT V – UNJUST ENRICHMENT**
**(PLEADED IN THE ALTERNATIVE)**

64. Puratek realleges paragraphs 1 through 40.

65. This Count is pleaded in the alternative under Federal Rule of Civil Procedure 8(d)(2) and applies only to the extent the Agreement, or a particular provision or component of the funds at issue, is determined to be unenforceable, inapplicable, or otherwise unavailable as a source of relief.

66. Puratek conferred a direct benefit on Simply Payments by generating and submitting transactions whose proceeds Simply Payments received, held, and used, and from which it took fees.

67. Simply Payments knew of and voluntarily accepted and retained that benefit.

68. Under the circumstances, it would be inequitable for Simply Payments to retain the proceeds, and any fees in excess of those lawfully due, without paying Puratek their value.

WHEREFORE, Puratek demands judgment against Simply Payments for restitution and disgorgement in an amount to be proven at trial, interest, costs, and such further relief as the Court deems proper.

## PRAYER FOR RELIEF

Puratek requests judgment against Simply Payments awarding: (a) compensatory damages of not less than $252,050.61, subject to accounting; (b) restitution or the value of converted funds, in the alternative; (c) a complete sworn accounting and an award of all sums it shows due; (d) an award of punitive damages against Simply Payments on Count III in an amount to be determined at trial; (e) an order requiring Simply Payments to preserve all records relating to Puratek's account and not to transfer or dissipate Puratek's identifiable proceeds pending final judgment; (f) prejudgment interest under Florida law and post-judgment interest under 28 U.S.C. § 1961; (g) reasonable attorneys' fees and costs under the Agreement and applicable law; and (h) all other relief the Court deems just and proper.

///

///

///

**DEMAND FOR JURY TRIAL**

Puratek demands a trial by jury on all issues so triable.

Dated: October 9, 2026

Respectfully Submitted,

By: */s/ Eric J. Pons*

Eric J. Pons, Esq.
Fla. Bar No. 1018390
**GLOBAL LEGAL LAW FIRM PLLC**
900 N Federal Hwy, Ste 370
Boca Raton, FL 33432
Telephone: (888) 846-8901
epons@attorneygl.com

*Counsel for Plaintiff*
*Puratek, LLC d/b/a*
*Simply Payments Group*